IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DIANA EILEEN WISE, *individually and on behalf of all others similarly situated*,

      Plaintiffs,

  vs.

SLM CORPORATION, NAVIENT CORPORATION, NAVIENT SOLUTIONS, INC, *f/k/a Sallie Mae, Inc.*,

      Defendant.

Case No. 14-cv-1426-SMY-DGW

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants Navient Corporation and Navient Solutions, Inc.'s Motion to Disqualify Counsel (Doc. 26).  Specifically, Defendants argue that Plaintiffs' attorney should be disqualified as he is a family member of a member of the prospective class.   Rule 23 provides that "representative parties" may only bring suit on behalf of a class if they "will fairly and adequately protect the interests of the class." See Fed. R. Civ. P. 23(a)(4).  However, a motion to disqualify class counsel is premature absent the existence of the class.  *See Rosen v. Mystery Method, Inc.,* 2008 WL 410642, at *1 (N.D. Ill. Feb. 13, 2008); *Huricks v. Shopkick, Inc*., 2014 WL 4954662, at *2 (N.D. Cal. Oct. 1, 2014); *Mail v. Aetna Inc.*, 1999 WL 800315, at *3 (E.D. Pa. Sept. 29, 1999) *aff'd*, 221 F.3d 472 (3d Cir. 2000); *Williams v. Cent. Transp. Int'l, Inc*., 2014 WL 5823112, at *4 (E.D. Mo. Nov. 7, 2014).  At this time, Plaintiff Wise has not applied for class certification. As such, Defendants' Motion is premature. Accordingly, Defendants' Motion to Disqualify Counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

**DATE: August 19, 2015**

                            **/s/ Staci M. Yandle**
                        **STACI M. YANDLE, DISTRICT JUDGE**