IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DIANA EILEEN WISE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SLM CORPORATION, NAVIENT CORPORATION and NAVIENT SOLUTIONS, INC., f/k/a SALLIE MAE, INC.,<br><br>    Defendants. | No. 3:14-cv-01426-SMY-DGW<br><br>Judge:  Staci M. Yandle<br>Magistrate:  Donald G. Wilkerson |

**DEFENDANTS' MOTION TO CERTIFY QUESTION
OF TIMING OF DISQUALIFICATION OF
PROPOSED CLASS COUNSEL FOR INTERLOCUTORY REVIEW
AND TO STAY PROCEEDINGS**

**I.   INTRODUCTION**

Defendants Navient Corporation and Navient Solutions, Inc., formerly known as Sallie Mae, Inc. (together, "Defendants"), respectfully request that this Court certify a novel and narrow question of law for interlocutory review to the Seventh Circuit under 28 U.S.C. § 1292(b):  When should a district court take up a motion to disqualify class counsel based on a marital relationship with a named plaintiff?

Under existing Seventh Circuit precedent, courts routinely hold that spouses, family members, relatives and business associates of class representatives are too closely related to act as class counsel.  Indeed, the Seventh Circuit has cautioned that a "grave conflict of interest"

exists when a named plaintiff shares a family relationship with class counsel.  Eubank v. Pella Corp., 753 F.3d 718, 723-24 (7th Cir. 2014).

Here, plaintiff's counsel, Brandon Wise ("Wise"), has a conflict of interest because one of the named plaintiffs, Diana Eileen Wise, is his wife ("Mrs. Wise").  Plainly, this relationship raises a significant conflict issue.  In fact, if the conflict in Eubank – i.e., lead counsel's brother-in-law purported to act as named plaintiff – was "grave," then Wise's conflict is of even greater concern.  As husband and wife, Wise and Mrs. Wise obviously share numerous, important interests, including with respect to their family finances.

On August, 19, 2015, the Court denied Defendants' Motion to Disqualify (the "Motion to Disqualify"), without prejudice, holding that "a motion to disqualify class counsel is premature absent the existence of the class."  (ECF No. 31.)  Defendants recognize that some courts have deferred examination of a conflict to the time of certification proceedings, but believe that the specific circumstances here call for a different approach.  Indeed, in Zylstra v. Safeway Stores, Inc., 578 F.2d 102 (5th Cir. 1978), the Fifth Circuit held that a spouse of a named plaintiff is subject to a "per se rule of disqualification" at the outset, recognizing that the relationship is almost certain to give rise to conflicting interests and that the potential for public suspicion of the conflict outweighs any benefit to having a spouse continue as counsel.  Id. at 104-05.

The Zylstra approach, which has not been examined by courts in the Seventh Circuit, makes good sense.  It is difficult to conceive how a husband could represent his wife in class litigation without diverging interests developing as to the unnamed class members.  Further, Wise's conflict is certain, and will not be subject to any additional proof or argument developed over time.  Accordingly, the Court should be empowered to address the conflict before the

parties engage in protracted litigation – with all of the attendant concerns for fairness to the unnamed class members that the conflict creates – which will likely lead to the seemingly inevitable, ultimate conclusion that Wise may not serve.

Against this background, Defendants request that the Court certify the issue for interlocutory review. The Seventh Circuit's guidance on this issue would greatly assist in clarifying the appropriate progress of this action, and Defendants respectfully ask that the Court grant the Motion.

## II.   BACKGROUND

### A.   The Instant Action And The Motion To Disqualify

In the Complaint, Mrs. Wise alleges various claims relating to the supposed misapplication of payments on student loans. She brings these claims for herself and for a Nationwide Class and an Illinois Subclass of consumers whose loan payments allegedly were applied in a manner inconsistent with specific, individual requests. Defense counsel has discussed the claims with Wise several times. During those conversations, Wise confirmed that the named plaintiff is his wife and did not contest the existence of a conflict of interest. The complaint has been amended to add other named plaintiffs, but never to remove Mrs. Wise as a named plaintiff. (ECF No. 23.)

The Court denied the Motion as premature on August 19, 2015. (ECF No. 31.) On August 27, 2015, Magistrate Judge Wilkerson conducted a Scheduling Conference, and the parties are awaiting a Scheduling Order. Otherwise, trial is set for March 6, 2017.

### B.   Existing Seventh Circuit Authority On Conflicts Of Interest For Class Counsel

Courts in the Seventh Circuit undertake a stringent and continuing examination of a class counsel's conflicting interests. See, e.g., McDonald v. Chicago Milwaukee Corp., 565 F.2d 416,

419 (7th Cir. 1977); Susman v. Lincoln American Corp., 561 F.2d 86, 89-90 (7th Cir. 1977), appealed after remand, 587 F.2d 866 (7th Cir. 1978). "The maintenance of public confidence in the propriety of the conduct of those associated with the administration of justice is so important a consideration . . . that a court may disqualify an attorney for failing to avoid even the appearance of impropriety." Commonwealth Ins. Co. v. Stone Container Corp., 178 F. Supp. 2d 938, 943 (N.D. Ill. 2001).

In the class action context, and as relevant to the particular conflict existing here, Eubank is most directly on point. As noted above, the Seventh Circuit found a "grave conflict of interest" based on a family relationship between class counsel and named plaintiff (counsel's brother-in-law). The holding in Eubank reflects concern for, among other things, the fiduciary duties that apply in class litigation. Indeed, "[c]lass counsel owe a fiduciary obligation of particular significance to their clients when the class members are consumers, who ordinarily lack both the monetary stake and the sophistication in legal and commercial matters that would motivate and enable them to monitor the efforts of class counsel on their behalf." Creative Montessori Learning Centers v. Ashford Gear LLC, 662 F.3d 913, 917 (7th Cir. 2011); see also Eubank, 753 F.3d at 720 (noting that a close relationship between class counsel and a named plaintiff could prompt counsel to increase his attorneys' fees to the prejudice of class members' recoveries).

### III.    ARGUMENT

When a district court issues an interlocutory order that involves (1) a "controlling question of law" (2) as to which there is "substantial ground for difference of opinion" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation," then the district court may issue an order certifying the question for interlocutory review. 28 U.S.C. § 1292(b); see also Ahrenholz v. Bd. of Trs., 219 F.3d 674, 676 (7th Cir.

2000). Once the district court does so, the Court of Appeals has discretion to review the question. See 28 U.S.C. § 1292(b); see also Metrou v. M.A. Mortenson Co., 781 F.3d 357, 359 (7th Cir. 2015). As explained below, the question presented here satisfies these criteria.[1]

### A. The Appropriate Time For Resolution Of A Motion To Disqualify Based On A Marital Relationship Presents A Controlling, Pure Question Of Law.

A "controlling question of law" must be a "pure" question of law – "something the court of appeals could decide quickly and cleanly without having to study the record," such as an "abstract issue of law." Ahrenholz, 219 F.3d at 676-77; see also In re Text Messaging Antitrust Litig., 630 F.3d 622, 625-26 (7th Cir. 2010) (finding that a question involving the "application of a legal standard" – i.e., one that "did not seek to overturn any findings of fact" – properly was certified); Sterk v. Path, Inc., 2014 WL 8813657, at *2 (N.D. Ill. Aug. 8, 2014) (approving certification of an "abstract legal question" that was "not fact-dependent").

Here, the issue presented is a pure, straightforward and controlling issue of law: Whether, given counsel's marital relationship with the named plaintiff, the Court may, and should, take up the conflict issue now. This is an "abstract legal question" that could be resolved "quickly and cleanly" by the Seventh Circuit without having to delve into the merits of Mrs. Wise's claims or any factual record whatsoever.

---

[1] A request for a certification must be filed "within a reasonable time after the order" issues. Ahrenholz, 219 F.3d at 675-76. The Court should not entertain any argument from Wise or Mrs. Wise that this request – made 35 days after the order on the Motion to Disqualify – is untimely. See Boim v. Quranic Literacy Inst. & Holy Land Found., 291 F.3d 1000, 1008 (7th Cir. 2002) (finding requests for certification filed 35 and 36 days after order were timely); see also Leff v. Deutsche Bank AG, 2009 WL 4043375, at *6 n.6 (N.D. Ill. Nov. 20, 2009) (finding plaintiff's "delay[ of] less than two months in seeking interlocutory review" did not warrant denial of request as untimely). Following the Court's order on the Motion to Disqualify, which is based only on the timing of that motion, Defendants have diligently given further consideration to their arguments, counsel has consulted with their clients, and Defendants prepared a thoughtful motion for certification, which has not taken an unreasonable time.

5

### B. There Is Substantial Ground For Difference Of Opinion About The Issue.

The Seventh Circuit has held that, to meet the requirement that there be "substantial ground for difference of opinion," the issue must be "contestable." Ahrenholz, 219 F.3d at 675. An issue is contestable where courts disagree on the issue, and there is no directly controlling authority. See Path, Inc., 2014 WL 8813657, at *3 (issue contestable where "one party's interpretation was plausible and the Seventh Circuit had not yet addressed the question"); Gamboa v. City of Chicago, 2004 WL 2877339, at *4 (N.D. Ill. Dec. 13, 2004) (issue contestable when not settled by the Seventh Circuit); In re Energy Insulation, Inc., 143 B.R. 490, 493 (N.D. Ill. 1992) (issue contestable where other courts' "decisions are conflicting").

Here, substantial ground for difference of opinion exists as to whether a district court may disqualify Wise – based on the specific, marital conflict presented – prior to class certification. The Seventh Circuit has not considered the timing of disqualification of class counsel based on a marital relationship with the named plaintiff. The Fifth Circuit has, however, considered the issue, and its analysis and conclusion are cogent. Indeed, in Zylstra, explaining that "per se disqualification" would apply, the Fifth Circuit noted that "whenever an attorney is confronted with a potential for choosing between actions which may benefit himself financially and an action which may benefit the class which he represents there is a reasonable possibility that some specifically identifiable impropriety will occur." Id. at 104. Under these specific circumstances, and given the concerns stated about family relationship conflicts in Eubanks, the Seventh Circuit might well agree with the conclusion in Zylstra.

### C. Certifying This Issue To The Seventh Circuit May Materially Advance The Termination Of The Litigation.

To satisfy the final requirement for certification, it is sufficient that an interlocutory appeal "may materially advance" the ultimate litigation. See Sterk v. Redbox Automated Retail,

6

LLC, 672 F.3d 535, 536 (7th Cir. 2012) (emphasis supplied). In other words, it is not necessary that the issue result in "the litigation [ending] then and there, with no further proceedings in the district court." Id.

Here, a trial date has been set, and the time and expense committed to the instant claims will only increase going forward. Having the Seventh Circuit determine whether disqualification is warranted at this juncture would help avoid unnecessarily protracted and expensive litigation, including with respect to the conflict during class certification proceedings. See Path, Inc., 2014 WL 8813657, at *3 (certifying a question that would "prevent costly litigation over class certification"). Thus, the final requirement is met.

### D. A Stay Should Issue Pending Interlocutory Review.

This Court has noted that "[t]he power to grant a stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Beesley v. Int'l Paper Co., 2010 WL 749885, at *1 (S.D. Ill. Feb. 25, 2010) (citations omitted). Moreover, "[t]he decision to grant a stay is committed to a court's discretion . . . though that discretion must be exercised consistently with principles of fairness and judicial economy." Id. at *1 (citations omitted). Section 1292(b) empowers a district judge to stay proceedings pending the Court of Appeals' review of a certified question, and a stay is appropriate when a district court certifies such a question. See Thrasher-Lyon v. CCS Commercial, LLC, 2012 WL 5389722, at *4 (N.D. Ill. Nov. 2, 2012); 28 U.S.C. § 1292(b).

Principles of fairness and judicial economy weigh strongly in favor of staying this action until Defendants have had the opportunity to obtain a final ruling from the Seventh Circuit following its application for an interlocutory review. A brief stay to allow the Seventh Circuit to consider the discrete and novel legal issue raised in the Motion to Certify would cause no

prejudice to Mrs. Wise that outweighs these strong judicial economy interests.  See Walker v. Merck & Co., 2005 WL 1565839, at *2 (S.D. Ill. June 22, 2005) ("[W]hile Plaintiffs might well be subjected to some delay as a result of the issuance of a stay, that prejudice does not outweigh the judicial economy interests.").  Defendants therefore respectfully request that a stay issue and extend through the final decision of the Seventh Circuit on any application for interlocutory review of the certified question.

## IV.     CONCLUSION

Defendants respectfully ask that the Court grant the Motion, enter an order certifying the issue identified above for interlocutory appeal under 28 U.S.C. § 1292(b) and stay further proceedings in this action until a final ruling from the Seventh Circuit.

Dated:  September 23, 2015

VEDDER PRICE P.C.

By:  s/ Lisa M. Simonetti
     Lisa M. Simonetti

Lisa M. Simonetti (Admitted *Pro Hac Vice*)
1925 Century Park East, Suite 1900
Los Angeles, CA 90067
T:  424-204-7700
F:  424-204-7702
lsimonetti@vedderprice.com

Beth A. Bauer
130 North Main Street
P.O. Box 510
Edwardsville, IL 62025
T:  618-307-1200
F:  618-656-1364
beth.bauer@heplerbroom.com

Attorneys for Defendants
NAVIENT CORPORATION and
NAVIENT SOLUTIONS, INC., f/k/a
SALLIE MAE, INC.

8

CERTIFICATE OF SERVICE

I hereby certify that, on September 23, 2015, copies of the foregoing **DEFENDANTS' MOTION TO CERTIFY QUESTION OF TIMING OF DISQUALIFICATION OF PROPOSED CLASS COUNSEL FOR INTERLOCUTORY REVIEW AND TO STAY PROCEEDINGS** was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by facsimile to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

By:   s/ Lisa M. Simonetti