## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DIANA EILEEN WISE, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| SLM CORPORATION, NAVIENT CORPORATION and NAVIENT SOLUTIONS, INC., f/k/a SALLIE MAE, INC., | ) ) ) ) ) |
| Defendants. | ) ) |

Case No. 14-CV-1426-SMY-DGW

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On July 22, 2015, Defendants' moved to disqualify Plaintiff's counsel asserting that counsel has a conflict of interest with the class because the named Plaintiff is his wife (Doc. 26). On August 19, 2015, this Court denied Defendants' motion as premature because Plaintiff had not yet applied for class certification (Doc. 31). Now pending before the Court is Defendants' Motion to Certify Question of Timing of Disqualification of Proposed Class Counsel for Interlocutory Review and to Stay Proceedings (Doc. 38). Defendants ask the Court to certify, pursuant to 28 U.S.C. § 1292(b), the issue of when the district court should take up a motion to disqualify class counsel based on the marital relationship with a named plaintiff. For the foregoing reasons, Defendants' Motion is **DENIED**.

As a general rule, appellate courts may only hear appeals from "final decisions" of the district courts. *See* 28 U.S.C. § 1291. The court of appeals, in its discretion, may hear an interlocutory appeal after certification from the district court that the appeal presents "a controlling question of law as to which there is substantial ground for difference of opinion and

that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  In enacting § 1292(b), Congress "chose to confer on district courts first line discretion to allow interlocutory appeals."  *Swint v. Chambers County Com'n,* 514 U.S. 35, 46–47 (1995).  However, Congress "carefully confined the availability of such review," and "even if the district judge certifies the order under § 1292(b), the appellant still 'has the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 474–75 (1978).

In *Ahrenholz v. Board of Trustees of University of Illinois,* 219 F.3d 674, 675–76 (7th Cir. 2000), the Seventh Circuit concisely summarized the § 1292(b)'s requirements:

> There are four statutory criteria for the grant of a section 1292(b) petition .... there must be a question of *law,* it must be *controlling,* it must be *contestable,* and its resolution must promise to *speed up* the litigation....

There is also a non-statutory requirement—that the motion for interlocutory appeal was filed in the district court within a reasonable time after entry of the order sought to be appealed. *Ahrenholz,* 219 F.3d at 676, *citing Richardson Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc.,* 202 F.3d 957, 958 (7th Cir. 2000).  The Seventh Circuit emphasized in *Ahrenholz:* "Unless *all* these criteria are satisfied, the district court may not and should not certify its order ... under section 1292(b)." *Id.* (emphasis in original).

Here, Plaintiff asserts that Defendants did not file their motion in a reasonable amount of time, therefore, the motion must be denied as untimely (Doc. 46).  Section 1292(b) does not provide an express timeline for filing a certification motion. *Richardson Elecs., Ltd. v. Panache Broad.,* 202 F.3d 957, 958 (7th Cir. 2000) ("There is no time limit in the statute or in any applicable rules for seeking the district judge's permission to appeal under 1292(b) ...").  Nonetheless, the Seventh Circuit has made clear that a certification motion must be filed in the

district court within a reasonable time after the order sought to be appealed. *Ahrenholz,* 219 F.3d at 675–76.

Here, Defendants filed their motion for certification – which is essentially a regurgitation of the previous motion for disqualification – 35 days after this Court's ruling.  No explanation was given for the delay.  Accordingly, the Court finds that the motion was not filed within a reasonable time.  *See Morton Coll. Bd. of Trustees of Illinois Cmty. Coll. Dist. No. 527 v. Town of Cicero*, 25 F. Supp. 2d 882, 885 (N.D. Ill. 1998) (denying motion for certification as untimely due to 30-day delay in requesting certification).  However, even if Defendants' motion were timely filed, this Court would nonetheless deny the motion because Defendants fail to show that a question of law is at issue.

A "question of law" as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine; in other words, an "abstract legal issue" that the court of appeals could decide "quickly and cleanly without having to study the record."  *Ahrenholz,* 219 F.3d at 676.  Here, the question of whether and/or when class counsel should be disqualified is a fact-specific inquiry, which does not involve an abstract legal issue.  Moreover, the law is settled that a motion to disqualify class counsel is premature absent the existence of the class.  *See Rosen v. Mystery Method, Inc.,* 2008 WL 410642, at \*1 (N.D. Ill. Feb. 13, 2008); *Huricks v. Shopkick, Inc*., 2014 WL 4954662, at \*2 (N.D. Cal. Oct. 1, 2014); *Mail v. Aetna Inc.*, 1999 WL 800315, at \*3 (E.D. Pa. Sept. 29, 1999) *aff'd*, 221 F.3d 472 (3d Cir. 2000); *Williams v. Cent. Transp. Int'l, Inc.*, 2014 WL 5823112, at \*4 (E.D. Mo. Nov. 7, 2014).

Nothing about this matter necessitates a departure from the normal requirement that parties await the final determination of their disputes before taking appeal.  Accordingly,

Defendants' Motion to Certify Question of Timing of Disqualification of Proposed Class Counsel for Interlocutory Review and to Stay Proceedings is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED:  October 13, 2015**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**
